United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Francisco Rodriguez Cruz, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23- 21314-Civ-Scola |
| | ) | |
| Carlos LNU and others, Defendants. | ) | |

### Order Striking Complaint

Francisco Rodriguez Cruz has applied to proceed in the district court without prepaying any fees or costs. (Pl.'s Mot., ECF No. 3.) Because Rodriguez Cruz has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Under the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds Rodriguez Cruz's complaint (ECF No. 1) fails to allege that the Court has subject-matter jurisdiction and fails to state a claim on which relief may be granted. Accordingly, the Court **strikes** Rodriguez Cruz's complaint.

1. **Subject-Matter Jurisdiction**

Here, although Rodriguez Cruz has submitted his complaint on a form titled "COMPLAINT UNDER THE CIVIL RIGHTS ACT, 41 U.S.C. § 1983," he presents no allegations that could possibly support even an arguable federal claim against the Defendants. Instead, it appears Rodriguez Cruz's grievances, to the extent they can be discerned, most likely arise under state law and, therefore, he must allege facts showing that the parties, all individuals, are diverse. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

Under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes

because residency is not the equivalent of citizenship"). Here, Rodriguez Cruz has not alleged either his own citizenship nor the citizenship of the individual Defendants. Instead, he merely lists his address, in Homestead, Florida, as well as the address of the individual Defendants' places of employment. These allegations, to the extent Rodriguez Cruz seeks to avail himself of the Court's diversity jurisdiction, are inadequate. He has neither alleged the parties' citizenships nor established that the jurisdictional threshold has been met.

### 2. Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

While Rodriguez Cruz's grievances are not entirely clear, his allegations appear to stem from issues he has with a sales representative, a teller, and a customer service representative at his bank. (Compl. at 1–3.) He says that the sales representative "changed her operating procedures in order to get to the safe deposit box again"; the teller "threatened to close the bank account"; and the customer service representative called him and said Rodriguez Cruz "had 30 days before the account would be closed." (*Id.* at 3.) These allegations are deficient and do not state a claim upon which relief may be granted. Although "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a *pro se* litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015). In its current form, Rodriguez Cruz's complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up).

### 3. Conclusion

For the reasons set forth above, the Court **denies** Rodriguez Cruz's motion to proceed *in forma pauperis* (**ECF No. 3**) **as moot**, and **strikes** his complaint (ECF No. 1). If Rodriguez Cruz believes he can replead his case, through an

amended complaint, and allege facts, *in good faith*, directly supporting at least one viable claim for relief against the Defendants, or at least one of them, as well as facts establishing a basis for the Court's subject-matter jurisdiction, he must do so by **May 3, 2023**. Rodriguez Cruz is cautioned to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action and which Defendants. The Court also directs Rodriguez Cruz to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims, and to make sure that he endeavors to separate different causes of actions, to the extent there is more than one, into separate, numbered counts.

In the meantime, the Clerk is directed to **close** this case and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on April 19, 2023.

Robert N. Scola, Jr.
United States District Judge